McMullen v. Rutlin, 177 Wis. 617.

McMULLEN, Respondent, vs. RUTLIN, Appellant.

*June 6—July 8, 1922.*

*Automobiles: Negligence: Evidence: Sufficiency: Law of the road:*
*Appeal: Harmless error.*

1. In an action to recover for damages to plaintiff's truck caused by being struck by defendant's touring car, the evidence is *held* to show negligence on the part of defendant in failing to keep to the right of the road, in driving too fast in view of the rough condition of the highway, and in failing to apply brakes.
2. Error, if any, in the submission of defendant's counterclaim was not prejudicial where there was no evidence tending to show negligence on plaintiff's part; and such error not affecting defendant's substantial rights, sec. 3072m, Stats., applies, and the judgment is affirmed.

APPEAL from a judgment of the county court of Monroe county: R. A. RICHARDS, Judge.  *Affirmed.*

Action for damages caused by collision of defendants' automobile with plaintiff's truck.

State trunk highway No. 12 in the city of Tomah runs directly north and south.  The plaintiff's driver of his Ford

truck was going south on said highway, and as he drove on to the concrete bridge over the Lemonweir creek he observed the defendant *Harold Rutlin* coming rapidly in the opposite direction, and, fearing a collision, he crossed over the bridge and ran his car in closely to the west bank and stopped about twelve feet from the bridge.

The defendant *Harold Rutlin,* coming from the south, going north, with a five-passenger Nash, was on the west side of the highway, and at a point about 100 feet from the bridge attempted to cross over from the west to the east side. The highway was of macadam, badly worn and rutted. The defendant lost control of his car and struck the front part of the truck a glancing blow and drove it back some twelve feet to the bridge, resulting in serious damage to the truck and also serious damage to the defendants' car.

The bridge was sixteen feet wide, and the highway one hundred feet south of the bridge was twenty-two feet wide, narrowing up to the bridge. On either side of the highway on the south side of the bridge there was a steep bank for some distance south of the bridge.

Plaintiff brought suit to recover damages to his truck on the ground of defendants' negligence. The defendants denied negligence and counterclaimed for damages to their car. On motion of defendants the case was dismissed as to Ingolf Rutlin.

Action tried before a jury, and the jury rendered a special verdict wherein they found the defendant *Harold Rutlin* guilty of negligence which proximately caused the accident, and assessed the damages at $200. They found that the plaintiff was not guilty of contributory negligence. Judgment was rendered thereon against the defendant *Harold Rutlin,* and he appealed.

For the appellant there was a brief by *Graham & Moran* of Tomah, and oral argument by *J. D. Moran.*

For the respondent there was a brief by *Donovan & Gleiss* of Tomah, and oral argument by *William Gleiss.*

CROWNHART, J. The defendant assigns many errors in the trial as grounds for reversal. We have gone over these assignments with care, and conclude that there is no reversible error.

The evidence was sufficient to justify the jury in finding that the defendant *Harold Rutlin* was driving his car at a high rate of speed on the highway just before the accident, considering the condition of the highway and the fact that the truck was approaching from the opposite direction, which he had to pass. The defendant was familiar with the highway, knew of its rough condition, knew that it narrowed down as it came to the bridge, and that the bridge was but sixteen feet wide. He saw the plaintiff's driver approaching the bridge from the opposite side, and knew that the plaintiff's driver had the first right of way over the bridge. There is testimony to the effect that the defendant was going thirty miles an hour and that he did not slow down his car or apply the brakes.

The defendant stresses his claim that the collision was the result of an unavoidable accident. The evidence does not sustain his view of the case. It is perfectly plain that the accident could have been avoided by the defendant keeping to the east side of the road, or by slowing down his car so that it would be manageable over the road in the condition in which it was, or by applying his brakes and stopping his car when he saw his danger. His failure to do any of these things cannot be attributable to unavoidable accident but only to negligence on his part.

There is some evidence that defendant's car hit a manhole ninety-three feet from the bridge which projected above the general level of the street two or three inches and that he thereby lost control of his car. That may be, but he knew the manhole was there and knew its condition, and he should have approached that part of the highway with due care, which he did not do.

The defendant claims error in the submission of his

counterclaim to the jury. If there was any error the defendant was not prejudiced. There is no merit in the defendant's counterclaim. There is no evidence whatever of negligence on the part of the plaintiff's truck driver. On the contrary, it appears that he exercised more than ordinary caution and care to avoid the accident. He crowded over to the extreme west edge of the highway and stopped his truck while the defendant was still some 100 feet away. There was no evidence to justify the submission of the counterclaim to the jury.

So far as the defendant is concerned, there were no errors affecting his substantial rights.

This is a case where sec. 3072m, Stats., applies. It reads as follows:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

*By the Court.*—The judgment of the county court is affirmed.